989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sheridith HAMRICK, Defendant-Appellant.
 No. 92-5203.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1993.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Sheridith Hamrick, by counsel, appeals his convictions for one count of conspiracy to possess with intent to distribute and one count of attempt to possess with intent to distribute marijuana. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Additionally, counsel for both parties have agreed to waive oral argument.
 
 
 2
 Hamrick was convicted following a jury trial. He was sentenced to serve two concurrent terms of eighteen months and three years supervised release and to pay a $100.00 special assessment. On appeal, Hamrick contends that the evidence was insufficient to support the convictions.
 
 
 3
 Upon review, we conclude that, when the evidence is viewed in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offenses were established beyond a reasonable doubt. See United States v. Powell, 469 U.S. 57, 67 (1984); United States v. Wood, 780 F.2d 555, 557 (6th Cir.) (per curiam), cert. denied, 475 U.S. 1111 (1986). To support a conviction of conspiracy to possess with the intent to distribute, the evidence must be sufficient to show that there was a conspiracy, that defendant was aware of the conspiracy, and that defendant knowingly and voluntarily joined it. See United States v. Barrett, 933 F.2d 355, 359 (6th Cir.1991). Moreover, once a conspiracy is established, the defendant's connection need only be slight. United States v. Hodges, 935 F.2d 766, 773 (6th Cir.), cert. denied, 112 S.Ct. 251 and 112 S.Ct. 317 (1991). To support a conviction for attempt to possess marijuana with the intent to distribute, the evidence must be sufficient to show defendant intended to commit the crime of possession with intent to distribute and that defendant performed a substantial step toward committing the crime. Each element may be proven by direct or by circumstantial evidence. United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986).
 
 
 4
 Hamrick maintains that the absence of evidence of his involvement in any agreement regarding the terms of the underlying transaction, a proposed purchase of marijuana, demonstrates that the evidence is insufficient to support the convictions. He asserts that his only tenuous connection was to relay a message from the seller to the prospective buyer that the seller would hook up with his connection and meet with the prospective buyer. In support of his argument on appeal, Hamrick relies on a Second Circuit decision reversing a conspiracy conviction where the evidence showed only that defendant helped a willing buyer locate a willing seller. See United States v. Tyler, 758 F.2d 66, 69 (2d Cir.1985).
 
 
 5
 The present case can be distinguished from Tyler. The critical issue in Tyler was whether a conspiracy existed. Id. at n. 2. The issue in the present case is not merely whether a conspiracy existed, but whether Hamrick was a participant. Moreover, the evidence suggests that Hamrick's involvement surpassed that of the defendant in Tyler who did little more than make casual introductions on a public street. See id. at 67.
 
 
 6
 Although the evidence does not show that Hamrick participated in the agreement establishing the terms of the drug transaction, the evidence, if believed by the jury, was sufficient to show that a conspiracy existed, that Hamrick knew of the conspiracy, and that he knowingly and voluntarily joined as a participant. See Barrett, 933 F.2d at 359. In addition, a rational trier of fact could have found that the elements of the offense of attempt were established beyond a reasonable doubt.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.